Matter of Khamis (Conroy Carriers Inc.--Commissioner of Labor) (2022 NY Slip Op 07106)

Matter of Khamis (Conroy Carriers Inc.--Commissioner of Labor)

2022 NY Slip Op 07106

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

533554
[*1]In the Matter of the Claim of Ali A. Khamis, Respondent. Conroy Carriers Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Ravi Ivan Sharma, PC, New York City (Ravi Ivan Sharma of counsel), for appellant.
Bruce E. Knoll, Albany, for Ali A. Khamis, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Lynch, J.P.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 3, 2020, which ruled, among other things, that Conroy Carriers Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Conroy Carriers Inc. is a trucking carrier that has an exclusive transportation contract with a concrete manufacturer to transport concrete to retail customers within the state. Conroy utilizes drivers, like claimant, who possess a commercial driver's license and have their own tractors, to haul its flatbed trailers loaded with concrete. After claimant's relationship with Conroy ended in 2018, he applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board, reversing an Administrative Law Judge's findings, ruled, in two decisions, that claimant provided services in his individual capacity and, therefore, was Conroy's employee pursuant to the Commercial Goods Transportation Industry Fair Play Act (see Labor Law art 25-C) and that Conroy was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Conroy appeals.
We affirm. "[T]he Fair Play Act, specifically Labor Law § 862-b (1), provides, in relevant part, that '[a]ny person performing commercial goods transportation services for a commercial goods transportation contractor shall be classified as an employee of the commercial goods transportation contractor unless' such person is either an independent contractor within the meaning of Labor Law § 862-b (1) (a)-(c) or a separate business entity as defined by Labor Law § 862-b (2)" (Matter of Martin [Trucking Support Servs., LLC-Commissioner of Labor], 202 AD3d 1169, 1170-1171 [3d Dept 2022], lv dismissed 39NY3d 945 [2022]). Where substantial evidence supports the Board's determination, it is beyond further judicial review, notwithstanding that other evidence in the record could support a contrary conclusion (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]; Matter of Martin [Trucking Support Servs., LLC-Commissioner of Labor], 202 AD3d at 1171).
Initially, Conroy does not dispute, and the record establishes, that Conroy is a commercial goods transportation contractor as it is an "entity that compensates . . . driver[s, like claimant,] who possess[] a state-issued driver's license, transport[] goods in the state of New York and operate[] a commercial motor vehicle" (Labor Law § 862-a [1];seeTransportation Law § 2 [4-a]). Further, the record establishes that claimant, who possessed a commercial driver's license and used his commercial motor vehicle to transport the concrete within the state for which Conroy compensated him, provided commercial goods transportation services to Conroy (see Labor Law § 862-a [3]). As such, the statutory presumption that claimant was an employee of Conroy pursuant to the Fair Play Act is applicable (see Labor Law § [*2]862-b [1]).
Contrary to Conroy's contention, substantial evidence supports the Board's finding that Conroy failed to demonstrate that claimant was a separate business entity in order to overcome the presumption of an employment relationship.[FN1] Although Conroy asserts that claimant provided the services as a sole proprietor, the record reflects that claimant's tractor was titled, registered and insured in his personal capacity (see Labor Law § 862-b [2] [c]). The lease and agent agreements with Conroy were executed by claimant in his personal capacity, not in the name of any business entity (see Labor Law § 862-b [2] [g]). Also, Conroy issued paychecks and 1099 forms to claimant in his individual capacity (see Labor Law § 862-b [2] [f]). The record further reflects that claimant, from 2016 through 2018, worked almost exclusively for Conroy, and there is no indication that claimant offered his services to the public at large (see Labor Law § 862-b [2] [e]). Claimant incorporated a business in 2010, however, it was not in existence during the relevant time period as it has been dissolved in 2016. Although there is evidence in the record that could support Conroy's contention that claimant operated as a sole proprietor, the foregoing provides substantial evidence to support the Board's finding that claimant performed the services in his individual capacity and not as a separate business entity. As such, we will not disturb the Board's finding that Conroy did not overcome the presumption that claimant was an employee under the Fair Play Act, rendering it liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated (see Matter of Martin [Trucking Support Servs., LLC-Commissioner of Labor], 202 AD3d at 1172; Matter of Doster [Fundamental Labor Strategies-Commissioner of Labor], 187 AD3d 1255, 1258 [3d Dept 2020], lv dismissed 37 NY3d 936 [2021]).
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Conroy does not challenge that part of the Board's determination that found that claimant was not an independent contractor pursuant to Labor Law § 862-b (1).